Hall, Judge,
dissenting.
{¶ 23} When several occupants are removed from a confirmed stolen automobile, I fail to see how an officer’s loud question “Do you have any knives, weapons, guns or anything like that in your possession?” directed to a removed front-seat passenger on one side of the vehicle, which was apparently overheard by a rear driver’s side passenger, on the other side of the vehicle, constitutes custodial interrogation of the rear driver’s side passenger. I would reverse the trial court’s granting of the motion to suppress Hoskins’s statement that he had a firearm in his possession.
{¶ 24} In determining whether Hoskins was “interrogated,” the trial court indicated that “the focus must be primarily upon the perceptions of Hoskins.” The trial court then concluded that “Hoskins reasonably believed the question had been posed to him * * Id. The problem with this conclusion is that it is speculation. Hoskins did not testify at the motion hearing. What he “reasonably believed” is not supported by the record.
{¶ 25} I am also of the opinion that the testimony of the officers that they were stopping a confirmed stolen vehicle, after dark and in an area where officers deal with violent gang members and where “[s]tolen vehicles, lot of times, have people that are armed or with any various types of weapons,” supports the notion that the officers could constitutionally pat down each of the occupants of the vehicle. Stopping a stolen vehicle is not an ordinary traffic stop. It is not the time for hesitation or polite discourse. The great likelihood is that a felony is being committed by one, and perhaps all, of the occupants. The stop is fraught with danger with great potential for flight and risk of injury or even death. However, in this case, the state, erroneously in my opinion, conceded that the officers did *643 not have the right to pat down the occupants of the car. Thus, I do not include the public-safety exception to Miranda as part of the basis of my disagreement.